UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

STEVEN H. MURTISHAW, ) Case No. CV 12-2521 JCG
  Plaintiff, )
v. ) **MEMORANDUM OPINION AND ORDER**
CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,[1] )
  Defendant. )

Steven H. Murtishaw ("Plaintiff") challenges the Social Security Commissioner's decision denying his application for disability benefits. Two issues are presented for decision here:

    1.    whether the Administrative Law Judge ("ALJ") improperly rejected the opinion of Plaintiff's treating physicians, Drs. Michael Roach and Gale Schuler, (*see* Joint Stip. at 3-6, 12-13); and

    2.    whether the ALJ improperly rejected Plaintiff's credibility. (*See id.* at 14-15, 17-18.)

---

[1]  Carolyn W. Colvin is substituted as the proper defendant herein. *See* Fed. R. Civ. P. 25(d).

The Court addresses – and rejects – Plaintiff's contentions below.

A. <u>The ALJ's Rejection of Treating Opinions</u>

Plaintiff first asserts that the ALJ improperly rejected the opinions of his treating physicians, Drs. Roach and Schuler. (Joint Stip. at 3-6, 12-13.)

"As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). This is so because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987).

Where the "treating doctor's opinion is contradicted by another doctor, the [ALJ] may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record[.]" *Lester*, 81 F.3d at 830 (internal quotation marks and citation omitted). The ALJ can meet the requisite specific and legitimate standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation marks and citation omitted).

The Court discusses the ALJ's treatment of each physician below.

1. <u>Dr. Roach</u>

The ALJ gave *three* reasons for discrediting Dr. Roach's opinion.

First, the ALJ found Dr. Roach's analysis of Plaintiff's gastric cancer to be unsupported "by the medical evidence in the record." (AR at 28); *see Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (treating physician's opinion may be rejected as "unsupported by the record as a whole"). For instance, with respect to Dr. Roach's finding of "distant metastas[is]," the ALJ cited Plaintiff's MRI results, which provided "[n]o evidence of abdominal [metastasis]." (*Id.*; *compare* AR at 629 *with* AR at 382.) Similarly, Dr. Roach's prognosis of Plaintiff's gastric cancer – simply stated as "poor" – was also

undermined by Plaintiff's treating oncologist,[2] Dr. Jack Freimann, who found the condition to be controlled by chemotherapy medication. (AR at 28; *compare* AR at 629 *with* AR at 640.) Thus, in light of such documented inconsistencies, no error was made here.

Second, the ALJ found Dr. Roach's April 27, 2010 mental health assessment to be "vague and unclear" concerning the effects of Plaintiff's fatigue. (AR at 32); *see Batson*, 359 F.3d at 1195 (treating physician's opinion may be rejected if it is conclusory, brief, and unsupported). Specifically, the ALJ determined that Dr. Roach failed to "quantify"[3] how Plaintiff's severe fatigue would affect his ability to work. (AR at 32; *see* AR at 656.) In fact, the questionnaire provided to Dr. Roach – in no uncertain terms – asked him to "[d]escribe [Plaintiff's] ability to adapt to stresses common to the work environment." (AR at 656.) Lest there be any confusion, it then also queried, "[i]n what way, if any, have these [abilities] changed as a result of [Plaintiff's] condition?" (*Id.*) Though pressed for details, Dr. Roach only gave a two-word response: "severe fatigue." (*Id.*) Such brevity provides adequate grounds to reject Dr. Roach's opinion.

Third, the ALJ noted that Dr. Roach, in spite of his assessment of Plaintiff's limitations, failed to identify any medically determinable mental impairment. (AR at 32.) This reason, however, is somewhat misleading. Though no purely "mental" impairment was noted, the ALJ did describe, albeit in basic terms, that Plaintiff's gastric cancer – undoubtedly, a medically determinable impairment – caused the severe fatigue. (AR at 655.) In any event, considering the adequacy of the ALJ's

---

[2] As an oncologist, Dr. Freimann's opinion is also entitled to the special deference afforded to specialists. *See* 20 C.F.R. § 416.927(d)(5).

[3] Though Plaintiff correctly cites evidence documenting "the *existence* of [Plaintiff's] fatigue," the ALJ's criticism concerns *intensity* and *causation* (*i.e.*, how, and to what extent, does fatigue affect Plaintiff's ability to work). (*See* Joint Stip. at 4 (emphasis added).)

3

1 other reasons, this error is harmless. *Batson*, 359 F.3d at 1197.

2 Thus, for the above reasons, the ALJ properly rejected Dr. Roach's medical
3 assessment.

    2. Dr. Schuler

5 As for Dr. Schuler, the ALJ offered *three* reasons for discrediting her opinion.

6 First, the ALJ observed that Dr. Schuler did not have "the benefit of reviewing
7 any medical reports contained in the current record," and thus appeared to have
8 "relied heavily on [Plaintiff's] subjective complaints." (AR at 32.) This conclusion,
9 however, seems to be in error, as the record discloses at least one psychoanalytical
10 test performed by Dr. Schuler. (*See* AR at 778 (discussing results of the "House-
11 Tree-Person-Drawing" test).)

12 Second, the ALJ noted that Plaintiff's inconsistent mental health counseling
13 indicated that his symptoms are not as severe as alleged by Dr. Schuler. (AR at 32.)
14 Though unexplained failures to seek treatment can cast doubt on the alleged severity
15 of a condition, that reason is not applicable in the mental health context because the
16 mentally ill "often do not recognize that their condition reflects a potentially serious
17 mental illness." *Van Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir.1996).

18 Third, though the above reasons are in error, the ALJ properly noted that the
19 limitations assessed by Dr. Schuler were undermined by Plaintiff's daily activities.
20 (AR at 31.) For instance, Dr. Schuler found Plaintiff's ability to maintain attention
21 and concentration for extended periods of time to be "markedly limited" (*i.e.*, the
22 lowest of four options.) (AR at 783.) Undermining this finding, however, is
23 Plaintiff's testimony that he is able to read for lengthy durations and drive a car.
24 (AR at 58, 63.) Presumably, then, Plaintiff's ability to concentrate is not as impaired
25 as he alleged it to be.

26 Given the viability of this third reason, no reversible error can be attributed to
27 the ALJ's assessment of Dr. Schuler's opinion. *See Batson*, 359 F.3d at 1197.

28   B. The ALJ's Assessment of Plaintiff's Testimony

4

1       Plaintiff next asserts that the ALJ improperly assessed his credibility. (Joint
2 Stip. at 14-15, 17-18.) The Court disagrees.
3       An ALJ can reject a claimant's subjective complaints by expressing clear and
4 convincing reasons for doing so. *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir.
5 2003). "General findings are insufficient; rather, the ALJ must identify what
6 testimony is not credible and what evidence undermines the claimant's complaints."
7 *Lester v. Chater*, 81 F.3d at 834.
8       Here, the ALJ presented at least *two* reasons in support of his credibility
9 determination.
10       First, the ALJ noted that Plaintiff was able to volunteer at a hospital, even
11 though his chemotherapy apparently caused severe side effects. (AR at 27); *see*
12 *Valentine v. Commissioner, Soc. Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009)
13 (daily activities can discredit a claimant when those activities suggest a greater
14 functional capacity than alleged.) In particular, Plaintiff testified that his volunteer
15 work included "folding towels and restocking lightweight hospital supplies." (*Id.*;
16 *see* AR at 48-49.) Certainly, then, Plaintiff is able to perform at least *some* basic
17 work activities.
18       Second, Plaintiff's subjective complaints are also undermined by objective
19 medical evidence indicating that his conditions have improved with treatment. (AR
20 at 27); *see Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001) (lack of
21 objective evidence, when combined with other factors, is a valid reason for rejecting
22 a claimant's testimony). Indeed, as explained above, an October 2009 MRI of
23 Plaintiff's abdomen showed no signs of "abdominal metastatic disease." (AR at 27;
24 *see* AR at 407-08.) Similarly, in March 2010, Plaintiff's treating oncologist, Dr.
25 Freimann, reported that Plaintiff's cancer was being controlled by medication. (AR
26 at 27; *see* AR at 382, 639.) Thus, given such incompatible evidence, the ALJ's
27 credibility determination remains intact.
28       Accordingly, the Court finds that substantial evidence supported the ALJ's

decision that Plaintiff was not disabled. *See Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

Dated: March 28, 2013

_____

Hon. Jay C. Gandhi

United States Magistrate Judge

6